1  F. Ross Boundy
   Stuart R. Dunwoody
2  DAVIS WRIGHT TREMAINE LLP
   1201 Third Avenue Suite 2200
3  Seattle, WA 98101-3045
   (206) 622-3150
4
   Floyd E. Ivey
5  IVEY LAW OFFICES, P.S. CORP.
   7233 W. Deschutes Avenue
6  Suite C, Box #3
   Kennewick, WA  99336
7  (509) 735-6622

8  Attorneys for Plaintiff/Counter-Defendant

9  Douglas B. Greenswag
   K&L GATES LLP
10 925 Fourth Avenue, #2900
   Seattle, WA 98104-0602
11 (206) 623-7580

12 J. Michael Keyes
   K&L GATES LLP
13 618 West Riverside Avenue, #300
   Spokane, WA 99201-0602
14 (509) 624-2100

15 Attorneys for Defendant/Counter-Plaintiff

16
                  UNITED STATES DISTRICT COURT
17
              EASTERN DISTRICT OF WASHINGTON
18

19 **NORTHWEST AGRICULTURAL**
   **PRODUCTS, INC.**, a Washington        No. CV-08-5042-EFS
20 corporation,

21                          Plaintiff,      PROTECTIVE ORDER

22         v.

23 **EMERALD BIOAGRICULTURE**
   **CORP.**, a Delaware corporation,
24
                          Defendant
25
       Pursuant to the stipulation of the parties, the Court enters this

26 Protective Order to govern the handling of documents, discovery responses,

PROTECTIVE ORDER - 1
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

depositions, pleadings, exhibits, and all other information exchanged in this action.

1.    This Order shall govern

(a)    all testimony at depositions;

(b)    all documents, information, materials or things produced by Plaintiff, Defendant, or any third party ("Producing Party") in response to discovery requests and subpoenas, under the Federal Rules of Civil Procedure, or otherwise;

(c)    all copies, abstracts, excerpts, analyses, summaries, or other materials (written, electronic, or in other form) that contain, reflect or disclose information contained in such testimony, documents, or other materials.

The items listed in (a)-(c) above shall be referred to as "Discovery Materials."

2.    Any Producing Party shall have the right to designate Discovery Materials it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order and materials designated as such will be referred to as "Designated Materials."

(a)    Discovery Materials marked "CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of file, transcribed testimony or other material that the Producing Party in good faith reasonably believes to comprise trade secret or other confidential research, development or commercial information of the Producing Party.

(b)    Discovery Materials marked "HIGHLY CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of file, transcribed testimony or other material that the

PROTECTIVE ORDER - 2
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  Producing Party in good faith reasonably believes to comprise trade secrets or

2  other competitively sensitive confidential information, research, development,

3  financial or other commercial information of the Producing Party that requires

4  heightened protection.  Discovery Materials may only be designated

5  HIGHLY CONFIDENTIAL if the Producing Party believes in good faith that

6  designation as CONFIDENTIAL will not provide adequate protection.

7        3.    A Producing Party shall designate Discovery Materials as

8  follows:

9            (a)    a Producing Party may designate materials by stamping

10  the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" thereon.

11  Any Designated Materials produced in non-paper media (e.g., videotape,

12  audiotape, computer disk) may be designated as such by labeling the outside

13  of such non-paper media, with specific identification as to which portions of

14  the media are protected, as "CONFIDENTIAL" or "HIGHLY

15  CONFIDENTIAL."  In the event a receiving party generates a paper copy,

16  transcription, or printout from any such designated non-paper media, such

17  party must mark the covered item as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL," and the hard copy, transcription or printout shall be

19  treated as it is designated.

20            (b)    in the case of depositions, designation of the portion of the

21  transcript (including exhibits) that contains Designated Materials shall be

22  made (1) by a statement on the record during the course of the deposition, or

23  (2) within fifteen days after receipt of a certified transcript from the court

24  reporter by counsel to the Producing Party to whose Designated Materials the

25  deponent had access.  Pending such designation by counsel, the entire

26  deposition transcript, including exhibits, shall be deemed "HIGHLY

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1   CONFIDENTIAL." If no designation is made within fifteen days after

2   counsel for the Producing Party has received a certified transcript from the

3   court reporter, the transcript shall be considered not to contain Designated

4   Materials.

5           4.      Designated Materials will not be filed with the Court unless it is

6   necessary to do so for purposes of trial, motions for summary judgment, or

7   other matters. A party that files with the Court, or seeks to use at trial,

8   Designated Materials, and who seeks to have the record containing such

9   information sealed, shall submit to the Court a motion to seal pursuant to

10  Local Rule CR 5(g)(2).

11          A party that files with the Court, or seeks to use at trial, Designated

12  Materials designated by anyone other than itself, and who does not seek to

13  have the record containing such information sealed, shall comply with either

14  of the following requirements:

15          (a)     At least five business days prior to the filing or use of the

16  Designated Materials, the submitting party shall give notice to all other

17  parties, and to any Producing Party, of the submitting party's intention to file

18  or use the Designated Materials, including specific identification (by

19  reference to production number or other identifier) of the Designated

20  Materials. Any affected party or Producing Party may then file a motion to

21  seal, pursuant to Local Rule CR 5(g)(2); or

22          (b)     At the time of filing or desiring to use the Designated

23  Materials, the submitting party shall submit the materials pursuant to the

24  following procedure: (i) the document(s) containing Designated Materials

25  shall be filed under seal pursuant to the ECF guidelines applicable to the

26  United States District Court for the Eastern District of Washington; and (ii)

PROTECTIVE ORDER - 4
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  the document(s) must be labeled "CONDITIONALLY UNDER SEAL".  Any

2  affected party or Producing Party may then file a motion to seal, pursuant to

3  Local Rule CR 5(g)(2), within ten business days after the document(s) are

4  filed.  If no party or Producing Party files a motion to seal after the expiration

5  of ten business days, the parties agree to stipulate to a motion to unseal the

6  document(s) in question.

7           To the extent practicable, Designated Materials to be filed with the

8  Court shall be filed separately or in severable portions of filed papers, so that

9  the non-designated portions may freely be disseminated.

10          5.      An inadvertent failure to designate Discovery Materials as

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing

12  alone, waive the Producing Party's right to secure protection under this Order

13  for such materials.  If Discovery Materials are designated as

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after it is initially

15  produced, the receiving party, on timely notification of the designation, must

16  make reasonable efforts to assure that the Designated Materials are treated in

17  accordance with the provisions of this Order.

18          6.      Discovery Materials shall be used by the receiving party solely

19  for the purpose of conducting this litigation, and not for any other purpose

20  whatsoever.

21          7.      Discovery Materials designated as "CONFIDENTIAL" shall be

22  used by the receiving party solely for the purposes of this litigation, and may

23  be disclosed only to the following persons:

24          (a)     any current employee of a party to whom it is deemed

25  necessary that the Designated Materials be shown for purpose of the

26  litigation, including but not limited to any current employee disclosed

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    pursuant to F.R.Civ.P. 26(a)(2)(A) who may provide expert testimony at trial,

2    provided that any such employee shall be advised that he or she is subject to

3    the terms of this protective order before being provided Designated Materials;

4           (b)    outside counsel (defined as the attorneys and their firms

5    who have entered an appearance in this case) for the respective parties, and

6    employees and independent contractors for outside counsel that are engaged

7    in work necessary to assist in this litigation;

8           (c)    experts or consultants retained for purposes of this

9    litigation who are not employed by a party and who qualify as an Approved

10   Expert or Approved Consultant as described in Paragraphs 9 and 10, but

11   solely for the purposes of this litigation and only after such experts or

12   consultants execute a written acknowledgment, in the form attached as

13   Exhibit A hereto, that the expert or consultant is bound by this Order;

14          (d)    a witness in the course of deposition, hearing, or trial

15   testimony where counsel has a reasonable and good faith belief that

16   examination with respect to the Designated Materials is necessary; provided

17   that the witness agrees to be bound by the terms of this Order;

18          (e)    the author of the document and anyone shown on the

19   document as having received it in the ordinary course of business;

20          (f)    court reporters and persons preparing transcripts of

21   depositions;

22          (g)    in-house lawyers for the respective parties and their staff;

23          (h)    the Court, Court personnel, and jurors or potential jurors;

24   and

25

26

PROTECTIVE ORDER - 6
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1         (i)    any other person only upon order of the Court or upon

2   stipulation of the Producing Party, in writing or on the record of a deposition,

3   hearing or trial.

4       8.   Discovery Materials designated as "HIGHLY

5   CONFIDENTIAL," shall be used by the receiving party solely for the

6   purposes of this litigation shall not be disclosed by any means, including

7   orally or in writing, to any employee of the receiving party except upon Court

8   Order, and may be disclosed only to the following persons:

9       (a)   outside counsel (defined as the attorneys and their firms

10  who have entered an appearance in this case) for the respective parties, and

11  employees and independent contractors for outside counsel that are engaged

12  in work necessary to assist in this litigation;

13      (b)   experts or consultants retained for purposes of this

14  litigation who are not employed by a party and who qualify as an Approved

15  Expert or Approved Consultant as described in Paragraphs 9 and 10, but

16  solely for the purposes of this litigation and only after such experts or

17  consultants execute a written acknowledgment, in the form attached as

18  Exhibit A hereto, that the expert or consultant is bound by this Order;

19      (c)   the author of the document and anyone shown on the

20  document as having received it in the ordinary course of business;

21      (d)   court reporters and persons preparing transcripts of

22  depositions;

23      (e)   the Court, Court personnel, and jurors or potential jurors;

24  and

25

26

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    (f)    any other person only upon order of the Court or upon

2 stipulation of the Producing Party, in writing or on the record of a deposition,

3 hearing or trial.

4    9.    To qualify as an Approved Expert or an Approved Consultant,

5 the party proposing to provide Designated Materials to such expert or

6 consultant shall provide the party that produced such Designated Materials

7 with: (i) a current curriculum vitae for the expert or consultant, which shall

8 include a description of past and present employers by whom the expert or

9 consultant  has been employed and (subject to the second sentence of this

10 paragraph) persons or entities by whom the expert or consultant has been

11 engaged in any consulting or expert engagements within the last five (5)

12 years, as well as a general description of the nature of such engagements, and

13 (ii) a copy of a completed and signed undertaking in the form attached hereto

14 as Exhibit A.  If an expert or consultant is precluded by virtue of a non-

15 disclosure agreement from disclosing either the existence or nature of any

16 such engagement or the identity of the entity for which the services were or

17 are being performed, then the expert or consultant shall state that certain

18 information is being withheld on that basis and may supplement his or her

19 disclosure with such additional information as he or she believes would be

20 helpful to the parties and the Court in determining whether any undisclosed

21 consulting relationship would create a genuine likelihood that the expert or

22 consultant would, in the course of any such undisclosed engagement, use or

23 disclose information designated "Confidential," or "Highly Confidential" for

24 purposes other than this litigation.

25    (a)    Within five (5) business days after the other party's receipt of the

26 information and signed undertaking described above from the party seeking

PROTECTIVE ORDER - 8
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

approval, the other party may object in writing to the proposed expert or consultant if facts available to that party show that there is a reasonable likelihood that the proposed expert or consultant will use or disclose information designated "Confidential," or "Highly Confidential" for purposes other than this litigation or if the expert or consultant states that he or she is unable to disclose information concerning other engagements due to a non-disclosure agreement.  The written objection shall set forth the specific factual basis for the objection.  Failure to object in writing to a proposed expert or consultant within five (5) business days shall be deemed approval, but shall not preclude a party from objecting to continued access to material designated as "Confidential," or "Highly Confidential" by that expert or consultant where facts subsequently learned by the party or its counsel suggesting that such a basis for objection exist.

(b)     If the other party so objects, the parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court.  If the parties' dispute remains unresolved as of five (5) business days following the objecting party's communication of its objection, then the party seeking to make or continue disclosure to such consultant may seek a ruling from the Court at to the merits of the other party's objection.  Pending a ruling by the Court, the proposed consultant shall not have access to material or information designated by the objecting party as "Confidential," or "Highly Confidential" unless such access has been previously approved.

(c)     In the event the Court finds it necessary to retain an expert to assist it in resolving a dispute regarding a consultant's right to have access to material or information designated as "Confidential" or "Highly Confidential" the parties shall share equally in the fees of any such court-retained expert.

PROTECTIVE ORDER - 9
DWT 12190042v7 0007527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

10.    Notwithstanding any other provisions of this Protective Order, under no circumstances shall either party disclose any Designated Materials of the other party to any person who is involved in the preparation or prosecution of any patent applications which encompass the technology described or referenced in whole or in part in U.S. Patent Nos. 5,439,873; 5,840,656; and 6,534,446 (the "Patents-In-Suit") and in any continuations, continuations in part, reissues or divisionals that derive therefrom. In addition, such persons shall be barred from any involvement, direct or indirect, in claim drafting or amendments in connection with reexamination proceedings for the Patents-In-Suit or for any continuation, continuation in part, reissue, or divisional patents that derive therefrom. However, such persons shall not be barred from assisting or participating in responding to Patent Office rejections, if any, issued during such reexaminations, if any, provided they comply with the restrictions in the previous sentence.  For purposes of this Paragraph only, "Designated Materials" means materials of a technical nature that relate to the technology at issue.

11.    Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Order, except as otherwise required by law.

12.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.

13.    In the event that any party disagrees with a Producing Party's designation, such disagree party shall provide the Producing Party written

PROTECTIVE ORDER - 10
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    notice of its disagreement and the reasons for such disagreement.  The parties

2    shall meet and confer to try to resolve the disagreement within seven (7) days

3    of receipt of a written notice of disagreement.  If the dispute is not resolved

4    after such time then the party seeking to maintain the information's

5    designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall

6    file a motion with the court within seven (7) days.  The burden of proving that

7    the Discovery Materials have been properly designated is on the Producing

8    Party.  Discovery Materials shall retain their designated status until such time

9    as (a) the parties expressly agree otherwise in writing, or (b) the Court orders

10    otherwise, unless such order is stayed pending appellate review.

11         14.    In the event a receiving party having possession, custody or

12    control of any Designated Materials designated by anyone other than itself

13    receives a subpoena, or other process or order to produce such materials in

14    another legal proceeding, such receiving party shall notify counsel for the

15    Producing Party and furnish a copy of such subpoena, process or order and

16    shall cooperate with respect to all reasonable procedures sought to be pursued

17    by the Producing Party whose interests may be affected.  The Producing Party

18    shall have the burden of defending against such subpoena, process or order.

19    Except during a pending motion to quash, or to the extent the Producing Party

20    is successful in obtaining an order modifying or quashing the subpoena or

21    other process or order, the receiving party shall be entitled to comply with the

22    subpoena or other process or order.

23         15.    Producing or receiving Designated Materials or otherwise

24    complying with this Order shall not (a) operate as an admission that any

25    Designated Materials actually contain or reflect trade secrets or other

26    confidential information, (b) prejudice the right of any party to object to the

PROTECTIVE ORDER - 11
DWT 12190042v7 0087527-000001

1    authenticity or admissibility of any Designated Materials; (c) be construed as

2    waiving any right to assert a claim of privilege, relevance, trade secret,

3    overbreadth, burdensomeness, or other objection to production of materials or

4    information; or (d) prevent the parties from agreeing to alter or waive the

5    protections or remedies provided in this Order, provided that such agreement

6    is in writing and signed by both parties.

7        16.    This Order is without prejudice to the right of any party to seek

8    relief from the Court, upon good cause shown, from any of the provisions in

9    his Order.

10       17.    At the termination of this action, the restrictions on the

11   communication and disclosure provided for herein shall continue to be

12   binding upon the parties and all persons to whom Designated Materials or

13   information contained therein has been communicated.

14       18.    Upon request by the Producing Party, all Designated Materials

15   shall be returned to the respective Producing Party upon termination of this

16   action (or, upon written permission of the Producing Party, destroyed).

17   Termination of this action shall be taken and construed as the date forty-five

18   (45) days following (a) the filing of a stipulated dismissal or the entry of a

19   voluntary dismissal; (b) a final non-appealable order disposing of this case; or

20   (c) the expiration of the time for any appeal.  Counsel for the receiving party

21   shall notify counsel for the Producing Party in writing of compliance with this

22   paragraph.  Nothing in this paragraph shall preclude outside counsel from

23   retaining after termination of this action one copy of (a) pleadings, motions,

24   and memoranda filed with the Court; and (b) deposition, hearing and trial

25   transcripts and exhibits; provided, however, that such counsel may not

26   disclose retained materials that contain Designated Materials to any other

PROTECTIVE ORDER - 12
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1   person and shall keep such retained materials in a manner reflecting their

2   confidential nature.

3        19.    If Designated Materials are disclosed to any person other than in

4   the manner authorized by this Order, the person responsible for the disclosure

5   shall immediately bring all the pertinent facts relating to such disclosure to

6   the attention of counsel for all parties and the Producing Party without

7   prejudice to the rights and remedies of any party, and shall make every effort

8   to prevent further disclosure by it or by the person who was the recipient of

9   such information.

10       20.    Nothing herein shall preclude a Producing Party from using her,

11  his or its own confidential information, documents, or materials in any

12  manner she, he or it sees fit, or from revealing such information, documents

13  or materials to whomever she, he or it chooses.

14       21.    If, through inadvertence, a Producing Party provides information

15  protected by the attorney client privilege or any other privilege, or documents

16  protected from discovery by the work product doctrine, the Producing Party

17  may subsequently inform the receiving party of the nature of the disclosed

18  information, and, upon receipt of written notice from the Producing Party, the

19  receiving party shall immediately return the information and all copies thereof

20  to the Producing Party and shall not use the information in any way.

21       22.    This Order shall remain in full force and effect and survive the

22  termination of this Action unless modified by an Order of this Court or by the

23  written stipulation of the parties filed with the Court.

24

25

26

PROTECTIVE ORDER - 13
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    IT IS SO ORDERED

2    DATED this ___6th___ day of February, 2009.

3

4                                    s/ Edward F. Shea
                          _____
5                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PROTECTIVE ORDER - 14
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1

**EXHIBIT A**

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8          EASTERN DISTRICT OF WASHINGTON

9

**NORTHWEST AGRICULTURAL**
10 **PRODUCTS, INC.,** a Washington          No. CV-08-5042-EFS
corporation,
11
                              Plaintiff,     **CONFIDENTIALITY**
12     v.                                    **AGREEMENT**

13 **EMERALD BIOAGRICULTURE**
**CORP.,** a Delaware corporation,
14
                              Defendant
15

16        The undersigned has read the Protective Order entered in this action

17 and understands and agrees that he/she is bound by its terms.

18        DATED: _____, 200__.

19

20                          _____

21                          Print Name: _____

22

23

24

25

26

PROTECTIVE ORDER - 15
DWT 12190042v7 0087527-000001

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square  ·  1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150  ·  Fax: (206) 628-7699